[Civ. No. 19015.   Second Dist., Div. One.   July 21, 1952.]

WALTER R. SOUTHALL, Appellant, v. SECURITY TITLE INSURANCE AND GUARANTEE COMPANY (a Corporation), Respondent.

Ralph Bancroft for Appellant.

F. W. Audrain for Respondent.

WHITE, P. J.—Plaintiff has appealed from a judgment entered after a demurrer was sustained to his amended complaint upon the stated ground that his cause of action was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

Plaintiff alleged that on December 3, 1947, he entered into a contract for the purchase of certain real property from

William and James P. Bianchini as heirs-at-law of one Eugenio Bianchini and also as cotrustees of a trust established by the will of Eugenio Bianchini, and secured approval of the purchase from all of the beneficiaries of the trust. Plaintiff and the Bianchinis thereupon executed and delivered escrow instructions to defendant title company, a copy of the instructions being annexed to the amended complaint, and it is alleged, ''said defendant then and there covenanted and agreed to and with plaintiff for a valuable consideration that it, the said defendant, would carry out its obligations in accordance with the terms of said escrow agreement,'' and the Bianchinis as trustees agreed to deliver to defendant ''papers required to vest title as designated in said escrow instructions.'' Plaintiff further alleged ''That by the terms of said escrow defendant agreed that it would give plaintiff notice of facts within the knowledge of defendant which would prevent its compliance with said escrow instructions.''

The asserted breach of contract or duty by the defendant, as set forth in the amended complaint, is that on February 18, 1948, and on June 3, 1948, ''plaintiff wrote defendant asking for information as to the status of said escrow but received no reply thereto from said defendant. That on July 8, 1948, defendant's title search was completed and the title to the property described in said escrow was found by defendant to be in order and that defendant was then in a position to transfer title to plaintiff; however, the said William Bianchini and James P. Bianchini, cotrustees, had not delivered to defendant the papers required to vest title in plaintiff as agreed by them in said escrow.''

Further, it was alleged that ''although repeatedly requested by plaintiff, both by letter and telephone, defendant at no time informed plaintiff that the papers required from the cotrustees to vest title in plaintiff had not been delivered to defendant and at no time did defendant inform plaintiff that the title search was completed and that defendant was able to procure a standard form Owners Policy of Title Insurance upon the delivery to it of the papers required from the cotrustees to vest title in plaintiff. . . .''

The resulting damage to plaintiff from the asserted dereliction of defendant is pleaded in the following language of the amended complaint:

''That by reason of the said breach of the contract by this defendant, as heretofore alleged, it became necessary for plaintiff to at once employ counsel to bring an action for

specific performance against the said William Bianchini and James P. Bianchini, cotrustees, . . . that plaintiff . . . did obtain a decree (of specific performance) . . . ; that plaintiff was compelled to pay $250.00 costs and $2,250.00 for reasonable counsel fees. . . . That by reason of the premises, plaintiff has been damaged in the sum of $2,500.00. . . .''

We deem it unnecessary to determine the question of whether this is an action upon a contract, obligation or liability upon an instrument in writing, to which subdivision 1 of section 337 of the Code of Civil Procedure applies, or an action to recover damages for negligence of the escrow agent in discharging its obligations under a parol agreement to faithfully perform the duties of its agency. We have arrived at this conclusion because we are convinced that the demurrer must be sustained on the ground that, regardless of the character of the action, the complaint does not state facts sufficient to constitute a cause of action against defendant. This was one of the grounds urged upon demurrer, and while the court sustained the demurrer on the assigned ground "that the alleged cause of action is barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure,'' no citation of authority is required for the statement that if the demurrer should have been sustained upon any of the grounds urged, the judgment will not be reversed. It is the validity of the court's action in sustaining the demurrer which is here reviewable, and not the court's opinion or statement of reasons for its action.

The conclusion that plaintiff was injured by any omission of the defendant escrow agent does not follow from plaintiff's pleading. To the contrary, it appears clearly from the allegations of his amended complaint that plaintiff's stated loss or damage, that is, the expense to which he was put for costs and attorney's fees, was caused solely and proximately by the failure of the sellers to perform their agreement, with the consequent necessity of a suit for specific performance. Assuming that defendant's failure to advise the plaintiff that the necessary deeds had not been deposited resulted in a delay in securing title to the property, it was not alleged that any damage (such as might result from a depreciation of the property) resulted from such delay. The escrow agent was under no duty to secure the necessary documents, and its asserted breach of contract in the matter of advising the plaintiff that the deeds had not been deposited with it can by no stretch of the imagination be held to

have any causal connection with the fact that plaintiff was "obliged" to bring a suit for specific performance against the sellers.

Plaintiff having failed to state a cause of action against defendant the demurrer was properly sustained.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 18, 1952.