[Civ. No. 19407.   First Dist., Div. Two.   May 16, 1961.]

ALBERT A. MORRIS, Appellant, v. NATIONAL FEDERATION OF THE BLIND (a Corporation), Respondent.

Albert A. Polonsky for Appellant.

Koford, McLeod & Koford for Respondent.

DRAPER, Acting P. J.—Demurrer to first amended complaint for libel was sustained with leave to amend. Plaintiff failed to amend within the time allowed. Judgment of dismissal followed, and plaintiff appeals.

The publication complained of appeared in "Braille Monitor," alleged to be a "national . . . magazine of general circulation" published by defendant National Federation of the Blind. The article was captioned "Nevada Blind Defeat Racketeer." It recited the revocation by the City Council of Reno of plaintiff's "license." It referred to plaintiff "and his salesmen" and said in part: "The effort to stop Albert A. Morris from misrepresenting to the public through high-pressure, sympathy measures his blind and handicapped made

products, was extremely slow in accomplishment.'' Plaintiff alleged that he had long been an authorized distributor of products made by California Industries for the Blind, and ''had an excellent reputation in this profession''; that the article was false; and that he had suffered general damages by reason of the publication.

■ ''Defamatory language not libelous on its face'' is not actionable in the absence of an allegation of special damages (Civ. Code, § 45a). Concededly, the complaint contains no allegation of special damage as defined by code (Civ. Code, § 48a, subd. 4(b)). Thus the demurrer was properly sustained if the article is not libelous on its face. We cannot, however, accept respondent's contention upon this question.

It is extremely difficult to place an innocent meaning upon the word ''racketeer'' as here used. By dictionary definition, the word imports extortion or other unlawful practice. But even if the word left room for a possible innocent meaning, the pleading would adequately allege libel *per se* (*MacLeod* v. *Tribune Publishing Co.*, 52 Cal.2d 536, 550-551 [343 P.2d 36], overruling decisions supporting the ''possible-innocent-meaning'' rule). It is apparent that at least some readers of the article will take it in its defamatory sense. Nor does a careful reading of the article as a whole sustain respondent's argument that, in its full context, the word ''racketeer'' is not defamatory. Only the sufficiency of the pleading is before us, and for purposes of this demurrer respondent admits the allegation that the word ''racketeer'' was intended by respondent and understood by readers of the magazine to connote connection ''with the criminal underworld'' (see *MacLeod* v. *Tribune Publishing Co., supra*).

It follows that the ground relied upon by the court in sustaining the demurrer was unsound. However, since two other grounds of demurrer were asserted, they too must be considered here (*Southall* v. *Security Title Ins. etc. Co.*, 112 Cal.App.2d 321, 323 [246 P.2d 74]).

■ One of these grounds is that the defense of privilege appears on the face of the complaint. In general, such a privilege applies, but only in the absence of allegations of malice, to a communication from one interested person to another (Civ. Code, § 47, subd. 3). Normally, privilege is an affirmative defense which must be pleaded in the answer (*Stevens* v. *Snow*, 191 Cal. 58, 64 [214 P. 968]). However, if the complaint discloses existence of a qualified privilege,

it must allege malice to state a cause of action (*Locke* v. *Mitchell*, 7 Cal.2d 599, 602 [61 P.2d 922]). Malice is not alleged here. Thus the complaint fails if it alleges facts showing a qualified privilege. But it does not do so. Nowhere is it alleged that the magazine is wholly or principally for the blind or those interested in assisting them. The mere title of the magazine does not fill this void, nor is there any basis for judicial notice that the publication is designed only for some limited group. Far from showing a communication to parties whose interest warrants the disclosure, this complaint in fact alleges that the magazine in which this article was published is a "national . . . magazine of general circulation." Thus it negates a communication designed only for a group of interested persons.

▮ Finally, respondent asserts that the complaint is fatally defective in failing to allege demand for correction (Civ. Code, § 48a). Since no special damages are alleged, failure to demand retraction would bar all recovery, if the statute applies here (*Pridonoff* v. *Balokovich*, 36 Cal.2d 788, 791 [228 P.2d 6]). But the statute on its face applies only to publication "in a newspaper, or . . . by radio broadcast." No California decision has specifically determined whether this provision applies also to magazines. However, our Supreme Court, in holding the statute constitutional, has noted the interest of the public in the free dissemination of news (*Werner* v. *Southern Calif. etc. Newspapers*, 35 Cal.2d 121, 128 [216 P.2d 825, 13 A.L.R.2d 252]). Particular emphasis was placed upon the pressures upon media of news dissemination for publishing "news while it is new," and the resultant limitation of time and opportunity for ascertaining the complete accuracy of all items printed. Both dissenting opinions (pp. 138, 153) asserted arbitrary and discriminatory classification in the omission of magazines from the protected group. Law review comment has assumed the exclusion of magazines from protection (64 Harv. L.Rev., 678, 679).

Although one decision (*Harris* v. *Curtis Publishing Co.*, 49 Cal.App.2d 340, 353-354 [121 P.2d 761]) has assumed application of section 48a to magazines, it does not discuss the point, which apparently was not raised by the briefs. Another (*Shumate* v. *Johnson Publishing Co.*, 139 Cal.App.2d 121, 129-130 [293 P.2d 531]) implies that the statute does not extend to magazines. It may be noted that the exculpatory effect of a retraction is limited to one published within three

weeks of demand therefor, a requirement which would often be impossible of fulfillment by a magazine published monthly.

On full review of the statute, we conclude that it applies only to a publication in a newspaper or by radio. Its terms are clear. The Legislature conspicuously failed to include magazines in the protected group. We are bound by this apparently intended omission. Extension of the statute requires amendment rather than interpretation. Since the only allegation is that respondent's publication is a magazine, the necessity of demand for correction does not appear on the face of the complaint, and the demurrer cannot be sustained on this ground.

Although the demurrer also asserts uncertainty and ambiguity of the complaint, these grounds are not argued on appeal and we do not find such defects in the complaint.

Judgment reversed.

Shoemaker, J., concurred.