[Civ. No. 10636.   Third Dist.   Nov. 30, 1964.]

HELEN MORGAN, a Minor, etc., et al., Plaintiffs and Appellants, v. THE COUNTY OF YUBA, Defendant and Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Reginald M. Watt for Plaintiffs and Appellants.

Rich, Fuidge, Dawson & Marsh, Rich, Fuidge, Dawson, Marsh, Tweedy & Morris, Thomas A. Tweedy and Joseph L. Heenan for Defendant and Respondent.

PIERCE, P. J.—In this wrongful death action against the County of Yuba a demurrer was sustained without leave to amend and three of the plaintiffs, the minor children (and heirs) of decedent, appealed from the judgment of dismissal.

The ground upon which the trial court sustained the demurrer was that the action was barred by the statute of limitations (Code Civ. Proc., § 340, subd. 3); this because the action had not been filed within one year of the death of decedent. While this appeal was pending, *Cross* v. *Pacific Gas & Elec. Co.* (Jan. 1964) 60 Cal.2d 690 [36 Cal.Rptr. 321, 388 P.2d 353], was decided. It held, as to the heirs of a decedent who were minors, that the statute of limitations was suspended during their minority and that a judgment of dismissal against such heirs was reversible error.

Respondent concedes that because of the rule in the *Cross* case, *supra,* the judgment of dismissal cannot be sustained upon the ground stated. ▮ However, if the judgment is proper upon any grounds, our duty would be to affirm it. (*Stowe* v. *Fritzie Hotels, Inc.,* 44 Cal.2d 416 [282 P.2d 890]; *Southall* v. *Security Title Ins. etc. Co.,* 112 Cal.App.2d 321 [246 P.2d 74]; *Morris* v. *National Federation of the Blind,* 192 Cal.App.2d 162 [13 Cal.Rptr. 336].) Respondent county now contends that it is not liable for the acts or omissions

charged in the complaint against its officers in any event and therefore the judgment was proper.

The essential allegations of the complaint can be simply stated: On September 19, 1960, a deputy sheriff of defendant Yuba County, acting on a complaint made by plaintiffs' decedent, Elizabeth Morgan, arrested one Avel Ashby. The complaint alleges that "[o]n or about September 18, 1960, prior to said arrest, and again on September 20, 1960, subsequent to said arrest, the Sheriff and Deputies of the County of Yuba undertook to warn plaintiffs immediately upon said Ashby's release on bail. Said sheriff and deputies had full knowledge that said Ashby threatened the life of said ELIZABETH MORGAN." It is further alleged that the warning was not given and that as a proximate result thereof said decedent was killed by Ashby.

The contention of respondent county is that neither it nor its officers were liable. Its theory is that the acts of the sheriff and his deputies were discretionary acts for which neither they nor the county are liable either under the government tort liability legislation of 1963 (Stats. 1963, ch. 1681) or the common law—this notwithstanding the rule in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal. Rptr. 89, 359 P.2d 457], holding that the doctrine of governmental immunity could no longer be used to shield a public entity from liability for torts for which its agents were liable.

Respondent, to justify its conclusions, treats the allegations of the complaint as charging the public officers referred to with negligence in having released a dangerous prisoner on bail and, having so construed the pleading, it urges that this is an exercise of discretion (in the determination of whether "public safety will be endangered by such release") for which neither the county nor the acting officers can be held liable. And respondent cites a provision of the 1963 legislation, Government Code section 845.8, which provides that neither a public entity nor its employee is liable for an injury resulting from a determination of whether to release a prisoner. Also cited is Government Code section 820.2, providing that a public employee is not liable for an act or omission which is "the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

As to the facts assumed by respondent, it correctly states the statutory rule and, perhaps, the common law rule (cf. *Azcona* v. *Tibbs*, 190 Cal.App.2d 425 [12 Cal.Rptr. 232]). But the facts stated do not accurately describe the acts or

omissions charged in the complaint. Plaintiffs do not urge that the officers negligently released a dangerous prisoner. The negligence charged is the failure to warn, as promised, that a dangerous prisoner was about to be, or had been, released.

This brings the case into a new category—the negligent omission to perform an act voluntarily assumed. And the problem for our determination is whether such an omission proximately causing a fatality is actionable against the entity for which the offending officer works.

We first discuss the problem within the framework of the 1963 legislation.[1]

Government Code section 815.2[2] as enacted in 1963 (Stats. 1963, ch. 1681) ''imposes upon public entities vicarious liability for the tortious acts and omissions of their employees'' (see Comment 4 Cal. Law Revision Com. Report (1963) p. 838), but excludes liability in those cases where employees are themselves immune.

By Government Code section 820.2[3] public employees are immune from liability for acts or omissions which are the result of *''discretion''* vested in them.

No discretion is exercised in warning those whom one has promised to warn of the impending release of a dangerous prisoner. The simple act of reaching for a telephone or of dispatching a messenger is wholly ministerial. A discretionary act is one which requires ''personal deliberation, decision and judgment'' while an act is said to be ministerial when it amounts ''only to an obedience to orders, or the per-

---

[1]Appellants have attacked the 1963 legislation as violating both due process and equal protection of the laws. We have answered their contentions in *Flournoy* v. *State* (Nov. 9, 1964) *ante,* p. 520 [41 Cal. Rptr. 190], in which the legislation is held to be valid prospectively and, in some cases, retroactively. However, we find appellants' attack on the legislation in this case difficult to understand since, under the facts here, the legislation, as we read it, reaffirms the very rights they would have us enforce.

[2]Government Code section 815.2 provides: ''(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

''(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.''

[3]Government Code section 820.2 provides: ''Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.''

formance of a duty in which the officer is left no choice of his own." (See Prosser, Torts (3d ed.) p. 1015.) This definition is imperfect but will suffice here. It has been criticized as "finespun and more or less unworkable" (Prosser, *op. cit.*, p. 1015) and, as regards the definition of "discretionary," it is no doubt sometimes a too-inclusive classification where the duties of "operational level" public officers are involved. (Compare *Dalehite* v. *United States,* 346 U.S. 15 [73 S.Ct. 956, 97 L.Ed. 1427], with *Indian Towing Co.* v. *United States,* 350 U.S. 61 [76 S.Ct. 122, 100 L.Ed. 48].) But in this case we do not have to make any "finespun" differentiation. [4] Whatever the policy of the law may or should be regarding the nature of the act performed, when an officer makes a theretofore - unpromised decision on the question whether or not he should warn a threatened victim of a prisoner's release, once the decision has been made and the promise has been given, the act of carrying out the promise is not discretionary *in any sense.* (See *Dillwood* v. *Riecks,* 42 Cal.App. 602, 610 [184 P. 35].)

We now reach the question—is disregard of such a nondiscretionary promise actionable?

By Government Code section 820[4] of the 1963 legislation it is provided that " [e]xcept as otherwise provided by statute (including section 820.2) " a public employee is liable, and enjoys the same defenses, as a private person for his acts and omissions. The comment of the California Law Revision Commission (4 Cal. Law Revision Com. Report (1963) p. 842) regarding this section states: "This section declares the pre-existing law."

Under the facts of this case a private person would be liable.

It may be stated as a general principle that "in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another." (*Richards* v. *Stanley,* 43 Cal.2d 60, 65 [271 P.2d 23].) Exceptions to this rule exist, however, when there has been a voluntary or gratuitous undertaking. ██ A person not required to per-

---

[4]Government Code section 820 provides: " (a) Except as otherwise provided by statute (including section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person.

" (b) The liability of a public employee established by this part (commencing with section 814) is subject to any defenses that would be available to the public employee if he were a private person."

944

form services for another may sometimes do so, and in such case, in certain instances, is under a duty to exercise due care in performance. (2 Rest., Torts, §§ 323, 324, p. 873 et seq.; *Perry* v. *D. J. & T. Sullivan, Inc.,* 219 Cal. 384, 389-390 [26 P.2d 485]; *Griffin* v. *County of Colusa,* 44 Cal.App.2d 915, 923 [113 P.2d 270] (a decision of this court, rule applied to nurses employed by a county hospital); *Biondini* v. *Amship Corp.,* 81 Cal.App.2d 751, 763 [185 P.2d 94]—and see other cases cited 2 Witkin, Summary of Cal. Law (7th ed. 1960) Torts, § 241, p. 1436.) The foregoing cases are illustrative of instances where the officer, in addition to promising an act, *has embarked upon its performance* when the casualty occurs. These cases do not cover the facts of the instant case. But there is another exception to the rule of nonliability for an unperformed gratuitous undertaking which does fit the facts of this case. ■ It has been held that ''nonfeasance may give rise to tort liability where a person, *in reasonable reliance thereon,* suffers harm, as by refraining from securing other necessary assistance. (2 Rest., Torts, § 325; see also 65 Harv. L. Rev. 913.)'' (2 Witkin, *op cit.,* p. 1437.) (Italics supplied.) .

■ In the law review article cited by Witkin (Professor Seavey, *Reliance on Gratuitous Promises or Other Conduct,* 64 Harv. L. Rev. 913) the author observes (on p. 919) : '' [O]ne who represents that he will extend aid to a helpless person is responsible for the harm caused by the failure to receive the aid if, but for the defendant's conduct, aid would have been rendered by others.'' (And see 2 Rest., Torts, § 325, and comment.)

We find *Fair* v. *United States* (5th Cir. 1956) 234 F.2d 288 indistinguishable from the case at bench. There the heirs of a nurse and two other victims of a homicidal assault by an insane Air Force officer sued the government for the deaths. The alleged negligence was that of a provost marshal who with knowledge of the threats by the officer against the victims had promised the latter they would be notified if his release was proposed so that measures could be taken for their protection. In disregard of this promise the officer was released and no warning was given. The action was brought under the Federal Tort Claims Act, 28 United States Code Annotated sections 1346(b), 2674 and 2680(a) excepting from entity liability '' [a]ny claim . . . based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or

an employee of the Government, whether or not the discretion involved be abused.'' (This provision, differently worded, is identical in meaning with Government Code, section 820.2, quoted above, see footnote 3.) In reversing a district court dismissal of the action the circuit court held that the foregoing section did not grant immunity. ■ Quoting the United States Supreme Court in *Indian Towing Co.* v. *United States, supra,* the court stated (on p. 291): ''that it was hornbook tort law 'that one who undertakes to warn the public of danger and thereby induces reliance must perform his ''good samaritan'' task in a careful manner.' ''[5] *Fair* v. *United States* was cited in appellants' brief and was referred to in oral argument. Respondent has made no attempt to distinguish its facts or rule.

■ We have shown above that reliance upon the promise is a necessary element of the cause of action and in the case at bench reliance has not been pleaded. It is not alleged that the promise made created an expectation of fulfillment; nor is it alleged that but for such reliance and expectation, plaintiffs could and would have taken appropriate measures themselves against Ashby's threatened assault. On the other hand, it seems obvious that these defects of pleading could easily have been remedied and that no harm has been or could result to the county because of the insufficiency of the original pleading. The demurrer was sustained without leave to amend and under the circumstances related appellants should have an opportunity to bring themselves within the rule of liability. Whether appellants will be able to prove facts showing a negligent violation of the rights of plaintiffs' decedent is another thing.

Another matter remains to be noted. ■ A public entity is only liable for acts or omissions of the public employee ''within the scope of his employment.'' (Gov. Code,

---

[5]The alleged negligence in *Indian Towing Co., supra,* was the failure of the Coast Guard to give warning that a light maintained as a navigational aid was not working. As a proximate result petitioner's tug and towed barge went aground. In the earlier case of *Dalehite* v. *United States,* 346 U.S. 15, 42 [73 S.Ct. 956, 97 L.Ed. 1427, 1444], it had been held that the ''discretionary function'' exception did not apply at what the court termed the ''operational level.'' The government conceded in *Indian Towing Co.* that discretion *was* being exercised at the operational level but contended that since the function there being performed was strictly ''governmental'' in character—one which private persons do not perform—and since the statute was intended to fix liability only to the extent liability would be imposed upon a private individual under the same circumstances, no liability against the government could be imposed. The court denied this contention.

§ 815.2—see fn. 2.) It was suggested by counsel for the county during oral argument that the officers in promising to warn (and in omitting the fulfillment of the promise) were not acting in the public interest; that they were acting "on their own"; that if they were being "good samaritans," it was no part of their function as public officers to do so.

But an employer's responsibility for the acts and omissions of his employee extends beyond the actual furthering or benefiting of the former's interests. The functioning of a sheriff's office or police department requires an association of officers with members of the public with attendant risks that "someone may be injured." In *Carr* v. *Wm. C. Crowell Co.*, 28 Cal.2d 652 [171 P.2d 5], the court, quoting Justice Cardozo, says (on p. 656) that such associations " 'include the faults and derelictions of human beings as well as their virtues and obediences. Men do not discard their personal qualities when they go to work. Into the job they carry their intelligence, skill, habits of care and rectitude. Just as inevitably they take along also their tendencies to carelessness. . . .' "

The bartender in charge of a cocktail lounge who assaults a customer is the familiar example of an employer, not well served, whose employee is nevertheless acting within the scope of his employment and for whose acts the employer is liable. (*Novick* v. *Gouldsberry* (9th Cir. 1949) 173 F.2d 496.)

The giving of reassurance and protection to members of the public who have been threatened with violence *is* within the scope of a policeman's and sheriff's employment, even though the officer has not been authorized to give such reassurance—or, in fact, has been expressly forbidden so to do. (See *Williams* v. *United States*, 350 U.S. 857 [76 S.Ct. 100, 100 L.Ed. 761], reversing 215 F.2d 800 (9th Cir. 1954).)

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Friedman, J., and Van Dyke, J.,* concurred.

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.