[Civ. No. 30816.   Second Dist., Div. One.   Feb. 14, 1967.]

REPUBLIC INDEMNITY COMPANY OF AMERICA, Plaintiff and Respondent, v. BARN FURNITURE MART, INC., et al., Defendants and Appellants.

Eugene S. Valian and Herbert E. Selwyn for Defendants and Appellants.

Harold J. Kendis and Anthony F. Telleria for Plaintiff and Respondent.

LILLIE, J.—In August of 1962, plaintiff issued a policy to defendants on a 1961 Ford automobile, enforceable for one year from the date of issuance and extending coverage under its uninsured motorists provisions to defendant Andrea Tuberman, a minor. On September 16, 1962, the minor sus-

tained personal injuries in an accident assertedly caused by an uninsured motorist. On December 17, 1963, more than one year after the accident, she instituted suit through her guardian against the uninsured motorist; thereafter, on May 27, 1964, she also filed with the American Arbitration Association a Demand for Arbitration, which claim is now pending. The present proceeding, commenced in November of 1964, sought a declaratory decree that the defendant minor was entitled to no benefits under the policy by reason of her failure to comply with section 11580.2, subdivision (h), Insurance Code,[1] the provisions of which are made a part of the policy under Condition No. 9 thereof. Injunctive relief, restraining defendants from proceeding further with the arbitration claim, was also sought. From a judgment in plaintiff's favor, defendants have appealed.

The facts are without dispute—the answer admits the factual matters above set forth and alleged in the complaint. ▌ The sole question, therefore, is one of law—it was raised below by the allegation in an affirmative defense that defendant Andrea Tuberman, as claimant in the arbitration proceeding, was at that time a minor 15 years of age and accordingly subject to the provisions of section 352, subdivision 1, Code of Civil Procedure.[2] Unless it can be said that such section is applicable to arbitration proceedings commenced pursuant to section 11580.2 of the Insurance Code, the judgment below was proper and should be sustained. The authorities, presently to be discussed, unanimously support the determination of the trial court that section 352, subdivision 1 may not be so applied.

While special consideration has been extended to minors respecting the time within which certain proceedings must be commenced, it is expressly limited to the proceedings therein mentioned. (*Artukovich* v. *Astendorf*, 21 Cal.2d 329, 333 [131

---

[1] "*Prerequisites to suit*: No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section *unless within one year from the date of the accident*:

(1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or

(2) Agreement as to the amount due under the policy has been concluded, or

(3) The insured has formally instituted arbitration proceedings." (Italics added.)

[2] Section 352, subdivision 1 provides that if a person is entitled to bring an action "mentioned in chapter three of this title" and is "under the age of majority," the statute of limitations is suspended during "the time of such disability."

P.2d 831].) The case just cited involved a statute requiring the presentation of claims against counties before suit thereon; no distinction being made between minors and adults, it was contended on behalf of the minor that section 352 suspended the one-year statute of limitations provided in the statute. While conceding that the word "minors" was not found in the statute, the court nonetheless pointed out that there was nothing in the section exempting minors from its requirements: "The section expressly requires the presentation of 'any' and 'all' claims before 'any suit' may be brought thereon. It contains no language which justifies a conclusion that these broad terms were intended to be subject to any limitation or exception and, under the authorities above cited, no exception in favor of minors or persons laboring under other disabilities may be written into said section under the guise of judicial interpretation." (P. 333.) So, in the present case the law provides that no cause of action shall accrue unless within one year the "insured" has instituted arbitration proceedings; and under "Definitions" (§ 11580.2, subd. (b)) the term "insured" means "the named insured and the spouse of the named insured and relatives of either while residents of the same household. . . ." Since minor children of "either spouse" in many instances are "residents of the same household," the failure of the Legislature to exempt them from the governing provisions of subdivision (h) is clearly persuasive of the legislative intent that no such exemption be accorded.

According to defendants, however, *Artukovich* can be justified primarily on the then prevailing doctrine of governmental immunity which has since been abandoned in this state. (*Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457].) A later case which directly decides the issues before us, *State Farm etc. Ins. Co.* v. *Superior Court*, 232 Cal.App.2d 808 [43 Cal.Rptr. 209], is also criticized with the single statement that it "misapplied" *Artukovich*. We find no justification for such criticism so blandly forthcoming. While a hearing in the Supreme Court was not sought by the minor involved in *State Farm*, the reasoning of that decision was followed in *Pacific Indemnity Co.* v. *Superior Court*, 246 Cal.App.2d 63 [54 Cal.Rptr. 470].[3] A hearing in the Supreme Court thereafter having beeng denied, the decision is

---

[3]*Pacific Indemnity* was decided on November 2, 1966, the same day that Appellants' Opening Brief was filed.

dispositive of the present appeal. As in *State Farm,* the insurer in *Pacific Indemnity* had unsuccessfully sought an injunction enjoining an arbitration proceeding commenced by an insured minor after the one-year period prescribed by section 11580.2; in each case, accordingly, petitioner sought a peremptory writ of mandate to compel the issuance by the superior court of such injunctive relief, and in each case it was ordered that the writ issue.

The policy in *Pacific Indemnity,* which included uninsured motorist coverage, was issued prior to September of 1960, and there was no dispute that the minor was an additional insured thereunder. On June 18, 1960, he was allegedly injured by an uninsured motorist, but no demand for arbitration was filed until April of 1966. Unlike the situation in our case, on the date of issuance of the Pacific Indemnity policy section 11580.2 prescribed no time limitation within which arbitration proceedings should be instituted; the one-year period having been added in 1961, the court (citing authority) applied the 1961 amendment prospectively to the cause of action and held that the minor's right to arbitration was barred. The court then took up the further question, identical to that before us, that the minority of the additional insured tolled the one-year period of limitation prescribed in subdivision (h). Expressing its accord with *State Farm,* which felt bound by the principles enunciated in *Artukovich,* the court concluded: ''As we read the pertinent statute before us, it imposes a condition precedent effective against all persons claiming its benefits; it makes no mention of minors nor does it establish any exception on their behalf. We therefore conclude that the period of limitations was not tolled during real party's minority.'' (P. 87.)

We dispose of the additional contention that section 11580.3, Insurance Code, which became effective in September of 1963, is applicable here; it is said to be remedial and therefore retrospective in operation.[4] While the claimed applicability of the 1963 enactment to the problem here seems obscure, we note that the section relates to court approval of an arbitration award to minors on uninsured motorist claims

---

[4]There being no declaration of retroactivity, appellants' statement to that effect appears out of harmony with the holding in *DiGenova* v. *State Board of Education,* 57 Cal.2d 167 [18 Cal.Rptr. 369, 367 P.2d 865], that no statute is retroactive unless the Legislature has expressly so declared.

when, as the statute's opening language expressly states, the minor is "an insured entitled to recovery under uninsured motorist coverage." But, as heretofore determined, he is not "entitled to recovery" unless he has complied with the time limitation specified in section 11580.2, subdivision (h). The 1963 enactment accordingly has no bearing whatever on this appeal.

Finally, the proposition is urged that the recent trend of judicial decisions evidences a tendency to afford greater protection to minors whose claims would be barred if the disability of minority did not suspend the running of the statute. Cited for such proposition is *Cross* v. *Pacific Gas & Elec. Co.*, 60 Cal.2d 690 [36 Cal.Rptr. 321, 388 P.2d 353], a wrongful death action where it was held (disapproving earlier cases) that as to the heirs of a decedent who were minors, the one-year statute of limitations was suspended during their minority. The same result was reached in *Morgan* v. *County of Yuba*, 230 Cal.App.2d 938 [41 Cal.Rptr. 508], likewise a wrongful death action. Both cases turned on the construction of section 377, Code of Civil Procedure, which was declared to be a procedural statute in that it provides for compulsory joinder in an action for damages against the tortfeasor by his heirs or personal representatives. If only because of the denial of a hearing in *Pacific Indemnity*, presenting an issue identical to that at bar, neither *Cross* nor *Morgan* is here controlling.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.