[Civ. No. 39558. Second Dist., Div. Four. Oct. 19, 1972.]

GEORGE V. MICHENFELDER et al., Plaintiffs and Appellants, v. CITY OF TORRANCE, Defendant and Respondent.

**Counsel**

Ralph E. Brogdon for Plaintiffs and Appellants.

Buck, Burrows & Smith and F. Eugene Westhafer for Defendant and Respondent.

**Opinion**

**FILES, P. J.**—This appeal arises out of a claim against the City of Torrance for damages for the alleged negligence of city police officers in failing to take appropriate action to protect the property of plaintiffs. The city's demurrer to the complaint, as amended, was sustained without leave to amend further, and the complaint was dismissed as to the city. Plaintiffs are appealing from that judgment.

The only portion of the complaint which was directed against the city was denominated the twelfth and thirteenth causes of action. The twelfth cause of action alleged the following facts, in substance:

Plaintiffs were in possession of a retail women's apparel shop which plaintiffs operated on leased premises in Torrance under a franchise agreement with an entity known as "Rags for Dolls," whose representative was Dean Tinney. Between 3 a.m. and 4 a.m. on December 6, 1969, Dean Tinney and other defendants (hereinafter referred to as the Tinneys) wrongfully and without plaintiffs' consent entered plaintiffs' premises, removed a plate glass window, changed the locks, and removed and destroyed or otherwise disposed of fixtures, supplies, goods and other items from plaintiffs' premises. Police officers of the City of Torrance (identified only as Does XXVI through XXX), within the scope of their employment, became aware of these activities at the time of their occurrence.

It is also alleged that the Tinneys "asserted some civil claim of right against plaintiffs, and each of them, and that each of said defendants was utilizing 'self-help' with respect to said claim of right" but that the police officers knew or should have known "that said actions by the defendants as aforesaid was [sic] in violation of the law and constituted a trespass, civil in nature, if not criminal, and that said acts of defendants [Tinneys] required the completion of certain civil processes before lawful entry could be accomplished. . . ."

The thirteenth cause of action incorporates all of the twelfth, and adds the allegation that plaintiffs' shop was equipped with a burglar alarm in working condition, that prior to December 5, 1969, plaintiffs had informed the city police department where they could be reached in the event of any emergency, but the officers at the scene made no attempt to notify plaintiffs, nor did the officers at the scene communicate with their supervisors as to the course of action which they should follow when they saw what the Tinneys were doing.

The sole issue argued on this appeal is stated in plaintiffs' brief in this language: "Whether or not appellants' complaint, as amended (see Clerk's Transcript, pp. 75 through 82 and referenced Exhibits) (see Clerk's Transcript, pp. 26 through 58), with respect to causes of action twelve and thirteen state [sic] sufficient facts to constitute a cause of action against the City of Torrance. More particularly, whether or not the provisions of the Government Code of the State of California, and in particular, section 845, provide an immunity under the facts in the instant case, i.e., where the police entity undertakes to investigate a given situation and then

negligently stands by proximately thereby causing damage to one of the parties affected by that investigation."

Preliminarily we note that the complaint also alleges that "defendants, Does XXVI through XXX, inclusive, and each of them, negligently and carelessly, directed, allowed, approved, instructed, assisted and oversaw" the defendants Tinney in all of the acts complained of. Despite the apparent breadth of this language, plaintiffs' argument makes clear that plaintiffs are charging the officers only with wrongful inaction, and that they have not intended to allege actual participation in or express encouragement of the alleged trespass and removal of property. We therefore proceed to consideration of the issue which plaintiffs have presented here.

Government Code section 845 provides: "Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service."

This section was relied upon in *Susman* v. *City of Los Angeles* (1969) 269 Cal.App.2d 803 [75 Cal.Rptr. 240], holding that no cause of action could be stated against the city for failing to provide effective protection for the plaintiffs' property during a riot. The *Susman* complaint invoked several theories, including charges of inaction by the Los Angeles police at critical times, but the Court of Appeal concluded that section 845 operated as a bar.

The present case is factually dissimilar from *Susman*. Here the Torrance police faced nothing like the problem of preventing or stopping a riot. Under the facts alleged here the Torrance police were physically capable of stopping the alleged wrongdoing if they had seen fit to do so.

Plaintiffs' position here is that this is not a case of "failure to provide sufficient police protection service," but neglect of duty by the police who were provided.

Contrary to plaintiffs' assumption section 845 is not the portion of the Government Code which is closest in point.

Section 846 provides: "Neither a public entity nor a public employee is liable for injury caused by the failure to make an arrest or by the failure to retain an arrested person in custody."

Section 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Section 818.2 provides that a public entity is not liable for an injury caused by "failing to enforce any law," and section 821 gives immunity to a public employee for an injury caused "by his failure to enforce an enactment."

■ This latter section must have been intended to apply to peace officers, for the law revision commission comment to section 821 states: "This section continues an existing immunity of public employees," citing *Rubinow* v. *County of San Bernardino* (1959) 169 Cal.App.2d 67 [336 P.2d 968]. The *Rubinow* case involved the non-liability of a deputy sheriff who failed to stop an intoxicated driver before he caused a fatal crash.

The law revision commission comment to section 846 states: "This section is a specific application of the principle stated in sections 818.2 and 821."

Since the statute is perfectly clear that liability cannot be premised upon a failure to make an arrest, we are left to consider whether plaintiffs can make a case on the alleged failure of the officers to have taken some preventive action other than arrests. The complaint is ambiguous as to whether plaintiffs intended to allege that the Tinneys were committing a crime, but plaintiffs apparently do not consider that a material fact. Their theory appears to be that the police knew plaintiffs' property was in danger of loss and destruction, and that the police negligently failed to provide protection.

■ Just what protective technique the plaintiffs have in mind is not disclosed in either their pleading or their argument. The possibilities range from friendly advice to commands backed by threat of force, and the actual use of physical force. Whatever course the officers might have chosen to deter the Tinneys would have been to some extent an intrusion into the Tinneys' private affairs. And any direction given by the officers purporting to exercise official authority would have been an invasion of the personal liberty of those individuals. (See *Terry* v. *Ohio* (1968) 392 U.S. 1, 16 [20 L.Ed.2d 889, 902-903, 88 S.Ct. 1868].) Such intrusions are, of course, a regular and necessary part of police work conducted for the preservation of public safety and order. But the decision to use this official authority on any particular occasion is peculiarly a matter of judgment and discretion.

The circumstances under which a peace officer may make an arrest without a warrant are described in Penal Code section 836 in terms of "reasonable cause to believe" that the person has committed an offense.

The officer's decision whether to use this authority is an exercise of discretion. (*Tomlinson* v. *Pierce* (1960) 178 Cal.App.2d 112, 116 [2 Cal. Rptr. 700]. See comment of California Law Revision Commission to Gov. Code, § 846, quoted *supra*.) The decision of an officer whether to interfere with a citizen's liberty in some lesser way, for which there is no statutory guideline, is no less an exercise of discretion—hence the immunity provided in section 820.2 when he decides not to act.

This same immunity applies to the city through section 815.2, subdivision (b), which provides: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

Plaintiffs' brief relies upon cases which distinguish between discretionary and ministerial acts. The fallacy of their argument is their assumption that once a city has decided to employ police and send them to the scene of an occurrence, the action of the officers there is ministerial. As we have pointed out above, the officers were obliged to exercise their own discretion after they had observed what was happening and had listened to the explanation of the persons present.

■ Finally, we point out that the statutory immunity for inaction is broader than the immunity which is applicable to the manner in which a policeman uses his authority to direct or restrain persons. Thus, although a public employee is immune from liability for an injury caused by his failure to make an arrest, he may under some circumstances incur liability for false arrest or false imprisonment. (Gov. Code, § 820.4; *Shakespeare* v. *City of Pasadena* (1964) 230 Cal.App.2d 375 [40 Cal.Rptr. 863].) And in *McCorkle* v. *City of Los Angeles* (1969) 70 Cal.2d 252 [74 Cal.Rptr. 389, 449 P.2d 453], a city was held liable for the negligence of a police officer in directing the plaintiff to point out skid marks in a street in the course of an accident investigation. Such decisions do not support any theory of liability for the consequences of the officer's decision not to restrain or direct someone.

Plaintiffs' thirteenth cause of action requires brief comment. That count contains the additional allegation that plaintiffs had provided the city with "emergency numbers" where they could be reached, but the city and its police officers failed to notify them at the time the allegedly wrongful acts of the Tinneys were occurring. Plaintiffs have made no argument and cited no authority in support of their theory that the city and its police

officers had a duty to notify them in the middle of the night that their property was in danger. Accordingly, we deem that contention abandoned.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.