[Civ. No. 40918. Second Dist., Div. Two. Aug. 7, 1973.]

DOROTHY M. McCARTHY et al., Plaintiffs and Appellants, v. L. A. FROST et al., Defendants and Respondents.

## COUNSEL

West & Girardi and Beaudet & Orr for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, James E. Sabine, Assistant Attorney General, Howard Lee Halm and Joseph M. O'Heron, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**FLEMING, J.**—In an action for wrongful death plaintiffs McCarthy appeal a partial judgment on the pleadings in favor of defendants Frost, Howenstine, Winkleman, Jacobs, and the State of California.

The amended complaint states that plaintiffs are the wife and minor children of decedent William McCarthy. Defendants are highway patrolmen employed by the State of California. At 6 p.m. on 24 February 1969

McCarthy was driving a 1966 Jaguar eastbound on Highway 101 near Sheffield Drive in Santa Barbara County. Then: "At all times and at such time and place defendants negligently and carelessly failed to discover William Joseph McCarthy, the decedent, and failed to search for him or his vehicle, failed to find him, failed to summon medical aid, failed to administer first aid, failed to remove him from his vehicle, prevented others from finding him and prevented others from rendering medical aid, and defendants so negligently and carelessly conducted themselves as to proximately cause the death of William Joseph McCarthy, deceased, as hereinabove alleged." As a result, plaintiffs suffered damages in excess of $1,000,000.[1]

On motion for judgment on the pleadings, as on general demurrer, the question is whether the complaint states a cause of action. (*Maxon v. Security Ins. Co.*, 214 Cal.App.2d 603, 610 [29 Cal.Rptr. 586].)[2] We agree with the trial court's conclusion that the complaint does not state a cause of action because it does not set forth a legal duty owed by defendants to decedent or plaintiffs.

Plaintiffs contend Vehicle Code section 2412 imposes a duty on defendants for the benefit of decedent. That section states: "All members of the California Highway Patrol may investigate accidents resulting in personal injuries or death and gather evidence for the purpose of prosecuting the person or persons guilty of any violation of the law contributing to the happening of such accident." In response to this contention we observe, first, that the three causes of action do not allege that there was an accident.[3] Second, even if we assume there was an accident, section 2412 creates only the *right* of highway patrolmen to investigate accidents, not a *duty*. Vehicle Code section 15 states that the word *may* in the Vehicle Code is

---

[1] These allegations were contained in the first three causes of action. Four other causes of action against these defendants are set out in the complaint. Ordinarily, judgment is not final for purposes of appeal until all causes of action against a particular defendant have been determined. Plaintiffs, however, have stipulated that the remaining causes of action against these defendants may be dismissed with prejudice. For practical purposes, therefore, the judgment on the first three causes of action is final and appealable. (*Behr* v. *County of Santa Cruz*, 172 Cal.App.2d 697, 702-703 [342 P.2d 987]; *Kennedy* v. *Bank of America*, 237 Cal.App.2d 637, 643 [47 Cal.Rptr. 154].)

[2] In the light of this rule we must ignore plaintiffs' repeated reference to exhibits and depositions.

[3] Plaintiffs recognize they could have amended their complaint, but they specifically chose to stand on the allegations of the complaint. Their peculiar pleading is explicable in the light of the traffic accident report attached to plaintiffs' brief, which reports that the coroner found a blood alcohol concentration of 0.25 percent in the body of decedent.

permissive and the word *shall* is mandatory. The statement in 36 Ops. Cal. Atty. Gen. 198 that under section 2412 highway patrolmen "have the authority and the duty to investigate vehicle accidents" relates to the division of power between the highway patrol and the sheriff in investigating accidents on private property and is not persuasive authority on the question of breach of legal duty for purposes of tort liability.

But, plaintiffs contend, even if defendants had no duty to investigate, once they undertook to conduct an accident investigation they fell under a duty to investigate with reasonable care. Assuming the validity of this proposition and again assuming the occurrence of an accident, nevertheless the complaint does not charge these defendants with negligently conducting an accident investigation but with failing to search for decedent or his vehicle. Defendants could not negligently perform an act they had not undertaken to perform, and to that extent plaintiffs' pleading is defective on its face.

■ Regardless of pleading niceties, however, we believe defendants are immune from liability under the facts set forth. Government Code section 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." A decision to arrest, or to take some protective action less drastic than arrest, is an exercise of discretion for which a peace officer may not be held liable in tort. (*Michenfelder* v. *City of Torrance,* 28 Cal.App.3d 202, 206-207 [104 Cal.Rptr. 501].) We think the decision of a peace officer to investigate or not investigate involves a comparable exercise of discretion; and that, consequently, the highway patrolmen's failure to investigate, if such failure occurred, is an omission for which they are protected against liability by section 820.2.

The critical element in those cases that have attached liability to a public employee's discretionary acts has been the presence of a special relationship between employee and plaintiff that justified reliance by plaintiff on the employee's statement or promise. In *Morgan* v. *County of Yuba,* 230 Cal.App.2d 938 [41 Cal.Rptr. 508], the court upheld a cause of action against a sheriff and his employer for the death of a woman at the hands of a released prisoner. The sheriff had promised he would warn the woman of the release of the prisoner, who the sheriff knew had threatened the woman's life, but when release time came the sheriff failed to fulfill his promise. In *Sava* v. *Fuller,* 249 Cal.App.2d 281 [57 Cal.Rptr. 312], a

doctor requested a state botanist to analyze a plant substance. The botanist made an incorrect analysis, the doctor treated in accordance with the analysis a patient who might have eaten some of the plant substance, and the patient died. The botanist and the state were held subject to liability for wrongful death. In *Connelly* v. *State of California,* 3 Cal.App.3d 744 [84 Cal.Rptr. 257], a cause of action against the state was upheld where the complaint asserted that plaintiff, the owner of marina river property damaged by floods, had been given inaccurate information about anticipated flood conditions when he telephoned defendant State Department of Water Resources for forecasts. "Thus appellant has pleaded facts which take him out of the realm of an amorphous public receiving general information, and placed himself in the position of a businessman by identifying himself as such and making personal inquiry and relying upon the information given him." (3 Cal.App.3d at p. 748.) Each of these cases pleaded the existence of specific justifiable reliance by plaintiff upon the statement or promise of the public employee concerned, reliance that sufficed to create the element of estoppel and overcome the lack of any specific legal duty owed plaintiff.

In the present case the complaint fails to plead any specially assumed relationship between decedent and the highway patrolmen, and it fails to plead facts that would justify specific reliance by decedent, or anyone else, that an investigation would be conducted at any particular time and place or in any particular fashion. Accordingly the highway patrolmen are immune from liability for their failure to perform a discretionary act, as is their employer, the State of California. (Gov. Code, § 815.2, subd. (a); *Sava* v. *Fuller, supra,* 249 Cal.App.2d 281, 284.)

The judgment will be supplemented by a paragraph dismissing the fourth, fifth, sixth, and seventh causes of action against defendants Lawrence A. Frost, William H. Winkleman, Ronald R. Howestine, William N. Jacobs and the State of California. The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 3, 1973.