[Civ. No. 37456. First Dist., Div. Four. June 25, 1976.]

KAREN LEE WINKELMAN, Cross-complainant and Appellant, v. CITY OF SUNNYVALE, Cross-defendant and Respondent.

510

---

**COUNSEL**

Jarvis & Irvine, Jarvis, Irvine & Bialson and Perry A. Irvine for Cross-complainant and Appellant.

Ropers, Majeski, Kohn, Bentley & Wagner and Michael J. Brady for Cross-defendant and Respondent.

---

**OPINION**

**CHRISTIAN, J.**—James Carl sued appellant Karen Lee Winkelman for damages in connection with an auto accident. Winkelman cross-complained against respondent City of Sunnyvale; the court sustained

without leave to amend a demurrer by the city, and the cross-complaint was dismissed. The present appeal ensued.

On February 12, 1974, appellant was driving westbound on the Central Expressway in Sunnyvale when she was struck from behind by a pickup truck; appellant's car was propelled into an opposite stream of traffic and a head-on collision with James Carl resulted. The pickup truck left the scene. Public safety officers from the City of Sunnyvale came and investigated the accident.

Twenty-five minutes after the collision, the driver of the pickup truck visited the department of public safety, and reported that he possibly had been involved in an auto accident on the Central Expressway. The officer on duty radioed an officer who was still at the scene of the accident; the investigating officer, not yet having interviewed appellant, reported that no pickup truck was involved. The officer at headquarters allowed the driver of the pickup to leave without securing any identifying information.

Appellant asserts that respondent City of Sunnyvale was negligent in permitting the driver of the pickup truck to leave the department of public safety without securing identification and that as a result of this negligence she sustained damages in the frustration of a valid cause of action for her own injuries and of a defense against James Carl's suit which she would have been able to develop had the police officer not failed to obtain the name and identification of the driver of the pickup truck.

█ Appellant contends that respondent breached a duty of care owed her. First, appellant asserts that respondent owes a duty toward those involved in auto accidents, to properly and carefully investigate such accidents. That argument is unsound. Police officers have the right, but not the duty, to investigate accidents. (*McCarthy* v. *Frost* (1973) 33 Cal.App.3d 872 [109 Cal.Rptr. 470].) █ Second, appellant argues that a duty to exercise due care arose when the officers voluntarily undertook to investigate the accident. (See *McCorkle* v. *City of Los Angeles* (1969) 70 Cal.2d 252 [74 Cal.Rptr. 389, 449 P.2d 453].) But whatever detriment appellant suffered by reason of the involvement of the driver of the pickup truck had already occurred when that vehicle drove away from the scene. The cross-complaint alleges not that the claimed negligence of the officers inflicted an injury on appellant, but that there was a failure to protect appellant from the effects of events

which had already occurred. "A person who has not created a peril is ordinarily not liable in tort merely for failure to take affirmative action to assist or protect another, . . . unless there is some *relationship* between them which gives rise to a duty to act." (4 Witkin, Summary of Cal. Law (8th ed.) Torts, § 554, p. 2821.) There is no effective allegation of such a special relationship in the cross-complaint.

In light of this determination it is not necessary to examine appellant's claim that respondent is not entitled to governmental immunity. (But cf. *Hartzler* v. *City of San Jose* (1975) 46 Cal.App.3d 6 [120 Cal.Rptr. 5].)

Affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1976. Tobriner, J., was of the opinion that the petition should be granted.