[Civ. No. 21319. Third Dist. Sept. 3, 1982.]

TOM WATTS et al., Plaintiffs and Appellants, v.
COUNTY OF SACRAMENTO, Defendant and Respondent.

**COUNSEL**

John Kappos for Plaintiffs and Appellants.

Bolling, Walter & Gawthrop, Steven H. Gurnee and George E. Murphy for Defendant and Respondent.

**OPINION**

**SPARKS, J.**—In this case we consider the tort immunity of peace officers who are called upon to intervene in a dispute. Ruling that plaintiffs' second amended complaint failed to state a cause of action,

the trial court sustained without leave to amend the demurrer of defendant County of Sacramento. We agree that the conduct of the officers in resolving that dispute constituted an exercise of their discretion for which neither they nor their employer are liable in tort. We therefore affirm the judgment of dismissal.

Plaintiffs sought damages for "unlawful interference with [plaintiffs'] economic or business opportunity." According to the allegations of plaintiffs' second amended complaint, which we accept as true for purposes of this appeal (*Endler* v. *Schutzbank* (1968) 68 Cal.2d 162, 165 [65 Cal.Rptr. 297, 436 P.2d 297]), plaintiffs entered into an agreement with one Mattos, the owner of unimproved land in Sacramento County, entitling plaintiffs to grow and harvest crops on Mattos' land. When plaintiffs arrived to harvest their corn crop, Mattos ordered them off the property, apparently intending to harvest the crop himself and keep the proceeds. The complaint admits a disagreement ensued, whereupon Mattos requested assistance from the Sacramento County Sheriff's Department (county's agents) to remove plaintiffs from his property. Mattos informed the officers that he was the owner of the property and that plaintiffs had no legal right to be on the property.[1] Plaintiffs were then instructed by the officers, upon threat of arrest, to leave the property. Plaintiffs obeyed and thereafter Mattos converted the crops to his own use.

These recited facts, which comprise the gist of plaintiffs' action as it relates to defendant county, fall woefully short of stating a cause of action against it. Government Code section 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

"A decision to arrest, or to take some protective action less drastic than arrest, is an exercise of discretion for which a peace officer may not be held liable in tort." (*McCarthy* v. *Frost* (1973) 33 Cal.App.3d 872, 875 [109 Cal.Rptr. 470].) Settling a disagreement as to plaintiffs' right to be on the land by ordering them to leave is clearly action short of arrest for which the officers are immune from liability. And, since the officers are immune from liability for their performance of a discre-

---

[1] Interestingly, the complaint does not state whether plaintiffs presented their side of the story to the officers.

tionary act, defendant County of Sacramento, as the officers' employer, is likewise immune. (Gov. Code, § 815.2, subd. (b).)

Plaintiffs' action is in reality a claim of "negligent investigation." Relying upon cases which distinguish between discretionary and ministerial acts (see e.g., *Mann* v. *State of California* (1977) 70 Cal.App.3d 773 [139 Cal.Rptr. 82]), plaintiffs claim the officers breached the duty of care owed plaintiffs by failing to investigate whether plaintiffs had any legal right to be on Mattos' property. The fallacy of plaintiffs' argument lies in their assumption that once law enforcement officials have "decided" to intervene in a dispute, *any* subsequent action by the officials is ministerial. There is no legal basis for such assertion.

Here, a disagreement ensued as to plaintiffs' right to be on Mattos' property. In order to settle the dispute the officers were obliged to exercise their discretion after they had observed what was happening and had listened to the explanation of those present. (*Michenfelder* v. *City of Torrance* (1972) 28 Cal.App.3d 202, 207 [104 Cal.Rptr. 501].) Any direction given by the officers purporting to exercise official authority would have been an invasion of the personal liberty of at least some of those present. (*Id.*, at p. 206.) "Such intrusions are . . . a regular and necessary part of police work conducted for the preservation of public safety and order," and the decision to use this official authority on any particular occasion "*is peculiarly a matter of judgment and discretion*" for which the officers (and defendant) may not be held liable in tort. (Italics added.) (*Ibid.*; see also *McCarthy* v. *Frost, supra*, 33 Cal.App. 3d at p. 875.)

The judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.