124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clarence WILSON, Plaintiff-Appellant,
v.
CITY & COUNTY OF SAN FRANCISCO, a Municipal Corporation;
Simpson, individually and in his capacity as an officer of
the San Francisco Police Department; Robert Aitchison,
Police Officer; Joseph Finnigan, Police Officer,
Defendants-Appellees.
 No. 96-15692.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CV-95-02165-MMC, Maxine M. Chesney, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clarence Wilson appeals pro se the district court's summary judgment for defendants in his action alleging violation of his constitutional rights and state law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Murdock v. Stout, 54 F.3d 1437, 1440 (9th Cir.1995), and we affirm.
 
 
 3
 With respect to Wilson's claim that his Fourth Amendment right to be free from unreasonable searches was violated, we conclude that defendants established that they had a reasonable belief that there were exigent circumstances justifying their warrantless search. See id. at 1440-42.[1]
 
 
 4
 With respect to Wilson's state-law claim of negligence, defendants were immune from liability for their discretionary act of performing the search. See McCarthy v. Frost, 109 Cal.Rptr. 470, 471-72 (Cal.Ct.App.1973). With respect to Wilson's state-law claim of fraud, Wilson failed to present any evidence that he relied upon defendants' allegedly fraudulent representations. See Wilhelm v. Pray, Price, Williams & Russell, 231 Cal.Rptr. 355, 357 (Cal.Ct.App.1986); Gold v. Los Angeles Democratic League, 122 Cal.Rptr. 732, 738 (Cal.Ct.App.1975). With respect to Wilson's state-law claim of intentional infliction of emotional distress, Wilson failed to present evidence that defendants engaged in outrageous conduct. See Cervantez v. J.C. Penney Co., 595 P.2d 975, 983 (Cal.1979); Girard v. Ball, 178 Cal.Rptr. 406, 414 (Cal.Ct.App.1981).
 
 
 5
 Finally, we conclude that the district court did not abuse its discretion by denying Wilson's motion (1) to strike defendant's answer to Wilson's first amended complaint, see Fed.R.Civ.P. 12(f) & 15(a), and (2) for default judgment against defendants Aitchison and Finnigan, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986).
 
 AFFIRMED.[2]
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, we deny Wilson's request for oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Wilson also alleged that his rights to privacy and equal protection of laws were violated. Insofar as Wilson has a constitutionally protected privacy interest with respect to his residence, this interest is protected by the Fourth Amendment. Wilson presented no evidence establishing that he was treated differently from any other similary-situated person
 
 
 [2]
 Insofar as Wilson appeals the district court's summary judgment for defendant City and County of San Francisco, Wilson presented no evidence establishing that the policies, practices, customs, or negligent supervision of the City led to the alleged violation of his constitutional rights