[Civ. No. 5913.   Fourth Dist.   Mar. 24, 1959.]

SYDNEY RUTH RUBINOW et al., Appellants, v. COUNTY OF SAN BERNARDINO et al., Respondents.

John Paul Jones and D. W. Brobst for Appellants.

Albert E. Weller, County Counsel, and J. B. Lawrence, Deputy County Counsel, for Respondents.

SHEPARD, J.—This is an appeal from a judgment of dismissal of plaintiffs' complaint following the sustaining of a demurrer and the additional order at plaintiffs' request that it be "without leave to amend."

In general substance the complaint alleges that March 28, 1956, Wynn Estelle Rubinow was killed in an automobile accident on Highway 66 near Newberry in San Bernardino County; that the accident was caused by the careless, negli-

gent, reckless, erratic and unlawful driving of one George Moore, Jr., due to said George Moore's drunken and intoxicated condition; "that at said time and place, said Ford automobile operated by the said George Moore, Jr., as aforesaid, was being operated in the presence of and was being followed and observed by said defendant, Ernest J. Rowland, Deputy Sheriff of said County of San Bernardino, and that said Ernest J. Rowland failed and neglected to faithfully perform his duties, to stop and prevent the violation of the law being committed in his presence by the said George Moore, Jr."; that as a proximate result of said defendant's negligence the automobile of George Moore, Jr., collided with that of plaintiffs' deceased, causing her death; and that plaintiffs are the surviving husband and minor child of said deceased.

The third cause of action under similar allegations alleges severe injury to Sydney G. Rubinow, Jr., and a fifth cause of action under similar allegations alleges severe injuries to Sydney Ruth Rubinow. The second, fourth and sixth causes of action were abandoned by plaintiffs and are not before us for consideration. Defendants demurred to all causes of action, both generally and specially. The special demurrer sets up a large number of defects in the wording of the complaint, among which are that the complaint does not show whether Rowland could see that the law was being violated by Moore, and whether Rowland could have stopped Moore's alleged violations before the accident occurred.

Plaintiffs base their contention of liability on the statutory provisions relating to duties of officers, and on the contention that the failure or neglect of an officer to perform his duty with injury to others results in liability. They cite in support thereof Government Code, section 26600, that "The sheriff shall preserve peace, . . ."; section 26601, that "The sheriff shall arrest . . . all persons who attempt to commit or who have committed a public offense"; Penal Code, section 836, that "A peace officer may . . . without a warrant, arrest a person: 1. For a public offense committed or attempted in his presence"; 5 California Jurisprudence 2d 155, to the effect that ". . . there is authority to the effect that where the circumstances require it, the right and duty exist for an officer to make such an arrest before the damage is done . . ."; 21 California Jurisprudence 400, "it is the duty of the police (peace officer) to watch over the safety of citizens and to guard their person and property from destruction and injury"; Government Code, section 26685, "Whenever any

action is brought against any sheriff, all deputies . . . upon whose negligence, willful or wrongful act, or other default the action is based are necessary parties defendant.''

Plaintiffs also quote from *Falasco* v. *Hulen*, 6 Cal.App.2d 224, 242 [44 P.2d 469] in support of their position, to the effect that ''Public officers, . . . are not relieved from liability for acts of negligence . . . 'A peace officer is generally held to be personally liable for negligent or wrongful acts causing personal injury or death.' '' This cited case was one in which the collision was caused by the excessive speed and negligence of a constable driving an automobile on an errand of mercy not technically within the protection afforded to police and fire vehicles on certain emergency calls. *Reynolds* v. *Lerman*, 138 Cal.App.2d 586 [292 P.2d 559], was a judgment on conversion where the sheriff allowed certain property under his care on a writ of attachment to be sold under a warehouseman's lien. *Osborne* v. *Shaeffer*, 152 Cal.App.2d 56 [312 P.2d 340], was a case in which a trusty appointed by the sheriff to assist in jail administration was alleged to have unlawfully assaulted plaintiff. *Hayward Lumber & Inv. Co.* v. *Biscailuz*, 47 Cal.2d 716 [306 P.2d 6], was a case in which the sheriff was charged with the breach of a mandatory official duty in that he wrongfully released certain bank deposits from a writ of attachment. *Coverstone* v. *Davies*, 38 Cal.2d 315 [239 P.2d 876], was an arrest for unlawful assembly at a ''hot rod'' race, and the court said in holding the officers not liable for making the arrest that ''a public offense is committed in the presence of an officer within the meaning of a statute such as Penal Code, section 836, when 'circumstances exist which would cause a reasonable person to believe that a crime has been committed in his presence.' ''

Defendants contend that the power of a police officer to arrest and prosecute misdemeanants without a warrant is quasi-judicial and discretionary; that there is no judicial authority under common law nor under California statutes for imposing civil liability for failure to make an arrest without a warrant; and they cite the use of the word *may*, as used in Penal Code, section 836, as affirmatively supporting their position that the officer has no compulsory or mandatory official duty to make an arrest for a misdemeanor committed in his presence. They cite and quote from *White* v. *Towers*, 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R.2d 636], which was an action for damages for malicious prosecution against an investigator for the State Fish and Game Commission who had filed a complaint against

White in the United States District Court charging pollution of navigable waters. Our Supreme Court upheld a judgment for defendant after demurrer to the complaint was sustained, and said:

"As such officer he is entitled to the immunity from civil liability with which the law surrounds officials directly connected with the judicial processes. To rule otherwise would place every honest law enforcement officer under an unbearable handicap and would redound to the detriment of the body politic. 'The public welfare requires that this choice (whether or not to institute proceedings) shall be free of all fear of personal liability. To assure this freedom of action it is deemed best to make the assurance positive and definite by securing him against even actions based upon a malicious abuse of his official power.' "

In *Wilson* v. *Sharp*, 42 Cal.2d 675 [268 P.2d 1062], a taxpayer sought to recover from the county counsel moneys allegedly illegally paid to Sharp, for which said county counsel failed and neglected to sue. The trial court, on motion, struck that portion of the complaint above referred to. Our Supreme Court, in holding that the action of the trial court was proper, ruled that the Government Code section making it the duty of the county counsel to institute suit to recover money illegally paid "does not, however, purport to create a cause of action against the district attorney or county counsel, . . ." The court further held that in spite of the wording of section 26525 of the Government Code discretion is vested in the county counsel because both a question of law and fact are involved, and cites with approval *White* v. *Towers, supra*; *Coverstone* v. *Davies, supra*; and other cases.

In *Bauer* v. *County of Ventura*, 45 Cal.2d 276 [289 P.2d 1], and in *Bartlett* v. *State*, 145 Cal.App.2d 50 [301 P.2d 985], it was held that Government Code, section 1953, is restrictive in nature and does not extend the liability of public officers.

Counsel have not cited, nor have we been able to find, any decision of a court of last resort directly passing upon a set of facts like those here under consideration. Nor do we find it necessary, in the case at bar, to pass on the question of whether or not an officer's immunity from liability in civil damages for failure to make an arrest without a warrant, is absolute because we feel that the pleading, as presented, is clearly deficient in charging facts which would place a flat and unequivocal duty on any officer's shoulders to make an arrest.

█ It is perfectly true that, ordinarily speaking, negligence may be pleaded in general terms. (*Modica* v. *Crist*, 129 Cal.App.2d 144, 146 [3] [276 P.2d 614].) But first a duty to act must be shown. (*Pascoe* v. *Southern Calif. Edison Co.,* 102 Cal.App.2d 254, 257 [227 P.2d 555] ; *Routh* v. *Quinn,* 20 Cal.2d 488, 491 [2] [127 P.2d 1, 149 A.L.R. 215].) █ It appears to us that in a case of the type here at hand there is at least some degree of discretion required to be exercised by the officer, and where that is true the facts which plaintiffs rely upon to place on the shoulders of the officer the duty to act should be sufficiently alleged so as to make that duty clear and unequivocal. This is a simple, ordinary rule of fairness. In the case at bar, the pleading does not allege facts from which the officer would necessarily know, even in the exercise of extraordinary diligence, that an offense was being committed. The only outward or visible sign indicated by the pleading is the word ''erratic,'' but the word ''erratic'' is applicable to many types of driving that are not unlawful. The pleading does not allege either directly or indirectly that the officer, in fact, knew that an offense was being committed. Before the officer would be under any duty to act in any way there must have been either actual or constructive knowledge of an offense committed in his presence, and there is nothing for the general allegation of negligence to attach to until the facts creating a duty are first set forth.

The order that the demurrer be sustained, was, at the request of the defendants, ''without leave to amend.'' Since this is true we must assume that plaintiffs are unwilling or unable to allege the missing elements above pointed out, to wit, knowledge by the officer that the law was being violated and that he was able to make an arrest in time to have prevented the accident of which they complain. In our opinion, the action of the trial court in sustaining the demurrer ''without leave to amend'' was correct.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.