[Civ. No. 31534.    Second Dist., Div. Four.    Sept. 22, 1967.]

SHERWIN HARVEY FEINGOLD et al., Plaintiffs and Appellants, v. COUNTY OF LOS ANGELES, Defendant and Respondent.

Arlo Rickett for Plaintiffs and Appellants.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Assistant County Counsel, for Defendant and Respondent.

FOX, J.*—This is an appeal from a judgment of dismissal in favor of the County of Los Angeles following the sustaining of a demurrer to the second amended complaint without leave to amend.

Appellants seek to recover damages for personal injuries and loss of personal property sustained in a vehicular accident which occurred when the driver of a Ford pick-up truck in which plaintiffs were riding, as passengers, ran a boulevard stop and was struck in an intersection by a Volkswagen bus traveling on the through highway. The county was named as defendant on the theory that the intersection constituted a dangerous condition since a promontory of land on adjacent property obstructed the view of a motorist on each of the two highways of approaching traffic on the other, and that no warning sign had been placed on the through highway warning of the intersection. Plaintiffs rely on the 1963 Governmental Tort Liability Act.

It will assist in understanding the problem at hand to have a somewhat detailed statement of the manner in which plaintiffs allege the accident occurred. It was in the intersection of Mulholland Highway, which runs east and west, and Malibu Canyon Road, which generally runs north and south, but "arcs in a severe curve bearing to the west" immediately north of Mulholland Highway. Both highways are in Los Angeles County territory and are a part of the county's highway system and maintained by it. On August 15, 1965, Marianna Cooper was driving a 1965 Ford pick-up truck in a westerly direction on Mulholland Highway. Plaintiffs were passengers in this vehicle. Fred Lindsey was driving a Volkswagen bus southerly on Malibu Canyon Road. The plaintiffs, other than Myra Feingold who was riding in the right front seat of the Ford, were riding in the bed of the truck. As a result of the collision, each of the plaintiffs was injured.

The county had placed a stop sign to stop westbound traffic on Mulholland Highway before entering the intersection with Malibu Canyon Road. Defendant Cooper failed to stop and to yield the right-of-way to the vehicle driven by Lindsey. Plaintiffs further allege that the driver of the Ford truck "failed to observe the 'Stop Ahead' warning sign and pavement markings located approximately 700 feet east of the intersection of Mulholland Highway with Malibu Canyon Road on Mulholland Highway, until she was passing through the stop sign.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

MARIANNA COOPER thereupon applied her brakes and stopped in the center of the intersection obstructing the south bound lane on Malibu Canyon Road. She remained there in disregard to her passengers safety until the car she was driving was hit by the Volkswagen bus.'' In further description of the intersection, plaintiffs allege: ''. . . . Vehicles approaching and entering the intersection of Mulholland Highway and Malibu Canyon Road from the north on Malibu Canyon Road and, vehicles approaching and entering the intersection from the east on Mulholland Highway are unable to observe or exercise caution for each other because of the promontory of land on property adjacent on the northeast corner of the intersection until either or both vehicles are committed to the intersection, despite any degree of caution exercised by vehicles from the east on Mulholland Highway; consequently, west bound Mulholland vehicles which do or do not stop for the boulevard stop sign are in jeopardy upon entering the intersection from the southbound vehicles on Malibu Canyon Road as are those entering from the north on Malibu Canyon Road because of the topography of the intersection. A dangerous condition is created causing substantial risk of injury when the intersecting roads are used with due care and in a reasonable foreseeable manner because the county has failed to warn south bound traffic on Malibu Canyon Road of the intersection with Mulholland Highway.''

It is also alleged that the county ''failed to provide markings, or indications, or warnings of any kind, for south bound traffic on Malibu Canyon Road of the existence of, or the intersecting of Malibu Canyon Road with Mulholland Highway.'' Plaintiffs further allege that their injuries were proximately caused by the concurrent negligence of the county in creating the dangerous condition of this intersection and in allowing it to continue, and in failing to provide a warning of this intersection for southbound traffic on Malibu Canyon Road. Finally, plaintiffs allege that the dangerous condition of the intersection had existed for a long time and should have been well known to the county; that plaintiffs were traveling in the pick-up truck in the capacity of passengers, and that they duly filed a claim with the county which was denied.

Section 835, Government Code, states that a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes: ''[1] that the property was in a dangerous condition at the time of the injury, [2] that the injury was proximately caused by the dangerous con-

dition, [3] that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and [4] that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

■ Since the liability sought to be imposed on the county is statutory, it is necessary to plead facts to support each of the requirements of the statute. (*Johnson* v. *City of Glendale*, 12 Cal.App.2d 389 [55 P.2d 580]; *Green* v. *Grimes-Stassforth Stationery Co.*, 39 Cal.App.2d 52, 56 [102 P.2d 452].)

■ Subdivision (a) of section 830, Government Code, provides: "'Dangerous condition' means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." Or, as stated in *Teall* v. *City of Cudahy,* 60 Cal.2d 431, at 433 [34 Cal.Rptr. 869, 386 P.2d 493], and quoted with approval in *Pfeifer* v. *County of San Joaquin,* 67 Cal.2d 177, 182 [60 Cal.Rptr. 493, 430 P.2d 51] "Public property is in a dangerous or defective condition when it 'involves an unreasonable risk of injury to the public.'"

■ Measured by this definition, plaintiffs have pleaded an actionable dangerous condition of public property. They have alleged that the driver of a vehicle entering the intersection from the north on Malibu Canyon Road (as was the driver, Fred Lindsey, of the Volkswagen bus) and the driver of a vehicle entering said intersection from the east on Mulholland Highway (as was Mrs. Cooper) are unable to observe each other because of the promontory of land on property adjacent to the northeast corner of the intersection until either or both drivers are committed to the intersection, regardless of the degree of caution exercised by the driver of the vehicle from the east on Mulholland Highway. Consequently, a westbound Mulholland vehicle, regardless of whether the driver heeds the boulevard stop sign, is in danger upon entering the intersection from southbound vehicles on Malibu Canyon Road because of the topography of the intersection. The alleged inability of one of the drivers to see the other for some

period of time or space after such driver is committed to the intersection created a dangerous condition of public property which proximately contributed to the injury of plaintiffs and which created a reasonably foreseeable risk of such injury. (See *Becker* v. *Johnston*, 67 Cal.2d 163, 171 [60 Cal.Rptr. 485, 430 P.2d 43]. Additionally, it should be pointed out that plaintiffs are alleged to have been "passengers" in the Ford pick-up, and therefore presumably not chargeable with the negligence of the driver.[1] It thus appears, so far as the allegations of the complaint are concerned, that plaintiffs were using the roadway and intersection "with due care in a manner in which it is reasonably foreseeable that it will be used." (Gov. Code, § 830, subd. (a).)

We come now to the significance of plaintiffs' allegations that a "dangerous condition" is created because the county has failed to warn southbound traffic on Malibu Canyon Road of its intersection with Mulholland Highway. They rely on the second sentence of section 830.8, Government Code.[2] This sentence of said section was relied on by the unsuccessful plaintiff in *Pfeifer* v. *County of San Joaquin, supra*. The court pointed out, however, that ". . . the provisions of that sentence do not come into play until existence of a 'dangerous condition' within the statutory definition is first shown." (67 Cal.2d 177, 184 [60 Cal.Rptr. 493, 430 P.2d 51].)

In view of the procedural posture of this case we cannot determine the significance of the negligence of the driver of the Ford on the question of proximate cause of plaintiffs' injuries.

The judgment is reversed.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied October 20, 1967, and respondent's petition for a hearing by the Supreme Court was denied November 15, 1967.

---

[1] It is alleged that the injuries were occasioned "without any fault or negligence on the part of the plaintiffs who were using the road with due care by traveling in the reasonable foreseeable capacity of passengers in the vehicle of another."

[2] Section 830.8, Government Code reads: "Neither a public entity nor a public employee is liable under this chapter for an injury caused by the failure to provide traffic or warning signals, signs, markings or devices described in the Vehicle Code. Nothing in this section exonerates a public entity or public employee from liability for injury proximately caused by such failure if a signal, sign, marking or device (other than one described in Section 830.4) was necessary to warn of a dangerous condition which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care."