Filed 10/27/15  MacKinnon v. City of Santa Paula CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| STEPHEN MACKINNON,<br><br>　　Plaintiff and Appellant,<br><br>v.<br><br>CITY OF SANTA PAULA et al.,<br><br>　　Defendants and Respondents. | 2d Civil No. B256042<br>(Super. Ct. No. 56-2013-00433766-<br>CU-WT-VTA)<br>(Ventura County) |

Stephen MacKinnon claims the City of Santa Paula ("City") terminated his employment as police chief in violation of the whistle-blower statute, Labor Code section 1102.5.[1]  The trial court sustained the City's demurrer to his second amended complaint without leave to amend.  We reverse the ensuing judgment.

### FACTS

The second amended complaint alleges as follows:

In September 2005, Robert Gonzales retired as City police chief.  The retirement followed a critical management audit of the police department.

Stephen MacKinnon applied for the position of police chief.  During the job interview, MacKinnon requested personal use of a City car to travel to and from his second residence in Arizona, where his wife continued to live and work.  The City

---

[1] All statutory references are to the Labor Code unless otherwise stated.

offered MacKinnon the job. The City's offer stated his employment would be at will and that he would be provided a City car for personal and professional use. MacKinnon accepted the offer and became police chief in November 2005.

In February 2010, Jaime Fontes was appointed as City Manager. By this time former Police Chief Gonzales was the City's mayor.

While Fontes was City Manager: "Plaintiff complained about the lack of use, and current status of, approximately $35 million in Bond Funds that CITY was to use for public improvements. Plaintiff also complained about a $149.7 million contract for a wastewater treatment plant, which CITY's Council had not adequately or reasonably justified given that CITY staff had recommended CITY's Council hire a better qualified company willing to provide the same services for an estimated $22.3 million less. [¶] . . . In fall 2011, Plaintiff complained to Defendant FONTES numerous times about $36,000 that had gone missing from a Bankruptcy Trust Fund, which was supposed to have been for the exclusive use of Public Safety. During the same time Plaintiff and CITY Attorney discussed their shared concerns about potential conflicts of interest and/or possible criminal misconduct of CITY Council members, particularly that of Defendant GONZALES. . . . [¶] . . . During the course of Plaintiff's regular employment duties, he became suspicious that Defendants were engaging in potential illegal, unethical, and/or questionable financial and managerial practices. Plaintiff contacted Defendants on more than one occasion to raise his reasonable suspicions regarding certain financial activities and managerial practices. Repeatedly, Defendants failed to respond to Plaintiff's concerns."

As a result of the complaints, Fontes began to retaliate against MacKinnon. Fontes hired a private investigator to investigate whether MacKinnon used a City car for unauthorized trips to Arizona, violated City policy by using the City's gas access card, and lost work time by showing himself on payroll records to be at work when he was in Arizona on personal business. The report was biased and actually incorrect. Nevertheless, Fontes found all the allegations of misconduct to be true.

2

On June 6, 2012, Fontes sent a letter to MacKinnon terminating his at-will employment on the "'bases of incompatibility of management styles, in addition to the findings of the City's independent investigation into [MacKinnon's] conduct as set forth below.'"

The investigation and termination of MacKinnon's employment was a "preemptive strike" to prevent him from bringing his concerns to the City Council about suspected illegal activity, mismanagement of public funds and suspected fraud.

*Ruling*

The trial court sustained the City's demurrer without leave to amend. The court stated MacKinnon did not allege any specific federal or state laws that had been violated, a predicate to stating a cause of action under section 1102.5.

The trial court also ruled that the second amended complaint violated the 10-page limit as ordered by a previous ruling, and included case citations despite being ordered not to.

DISCUSSION

I.

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid.*) But we do not assume the truth of contentions, deductions or conclusions of law. (*Ibid.*) Our review of the trial court's decision is de novo. (*Ibid.*) We review the trial court's decision to allow an amendment to the complaint for an abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 273-274.) Where there is no reasonable possibility that plaintiff can cure the defect with an amendment, sustaining a demurrer without leave to amend is not an abuse of discretion. (*Id.* at p. 274.)

3

II.

MacKinnon contends the trial court erred in concluding he is required to allege violation of a specific state or federal statute rule or regulation.

During the times relevant here, section 1102.5, subdivision (b) provided: "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."[2]

Violation of a federal state or federal statute, rule or regulation is an element of a cause of action under section 1102.5, subdivision (b). It must be pled and proved. Thus, in *Edgerly v. City of Oakland* (2012) 211 Cal.App.4th 1191, 1200, the trial court properly sustained a demurrer to a complaint where insufficient facts were alleged to identify a violation of a statute. *Edgerly* is in line with the general rule that a statutory cause of action must be pled with particularity. (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795.) Facts must be pled so as to make the statute's application clear and unequivocal. (*Rubinow v. County of San Bernardino* (1959) 169 Cal.App.2d 67, 71.)

Here, it is anything but clear from MacKinnon's complaint what state or federal statute rule or regulation is alleged to have been violated. The trial court properly sustained the City's demurrer to MacKinnon's second amended complaint.

MacKinnon's reliance on *Dowell v. Contra Costa County* (N.D. Cal. 2013) 928 F.Supp.2d 1137 is misplaced. There the court determined that the general allegation defendants misused public funds is sufficient to state a cause of action under section 1102.5. *Dowell* is wrongly decided. We decline to follow it.

The only question is whether the trial court abused its discretion in sustaining the demurrer without leave to amend.

---

[2] Section 1102.5 was amended in 2013 to include a local rule or regulation. (Stats. 2013, ch. 781.)

4

MacKinnon claims that the second amended complaint was the first time he alleged a violation of section 1102.5. But, in fact, MacKinnon alleged a violation of section 1102.5 in each of his previous complaints. Thus he has had three opportunities to properly plead a cause of action under the statute.

MacKinnon did not suggest in his opposition to the City's demurrer how his complaint could be amended to specify the state or federal statutes, rules or regulations he alleges were violated. For the first time on appeal, MacKinnon argues he can amend his complaint to allege violations of Penal Code section 424 and Government Code section 1126.

Penal Code section 424, subdivision (a) makes it a crime for an officer of a city to appropriate public monies "to his or her own use" without authority of law. MacKinnon claims he can allege Fontes and Gonzales misappropriated bond and City trust funds for their own use.

Government Code section 1126, subdivision (a) prohibits a local agency officer from engaging in any activity for compensation that is in conflict with his or her public duties. MacKinnon claims he can allege that privatizing the trash fund and dealing with the water treatment plant resulted in significant "'payoffs'" to Gonzales and Fontes.

A defendant may show for the first time on appeal that there is a reasonable possibility that he can amend his complaint to cure the defect. (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1041-1042.) Here MacKinnon has satisfied the necessary showing. We must permit him to amend his complaint. (*Ibid.*) But the permission may be granted "upon any terms as may be just." (Code Civ. Proc., § 473, subd. (a)(1).)

Given that the proposed amendment was raised for the first time on appeal after the trial court sustained the City's demurrer to the second amended complaint, fairness to the City requires the imposition of terms. MacKinnon may amend his complaint on condition that he pay to the City reasonable attorney fees incurred in demurring to the second amended complaint and on appeal. After the trial court determines the reasonable amount of fees, MacKinnon shall have 30 days, or such other

5

time as the trial court may set, to pay such amount. If MacKinnon fails to make timely payment, judgment shall be entered against him, but he shall not be liable for the attorney fees.

We realize that upon reversal of a judgment costs on appeal are usually awarded to appellant. In this case, however, an award in favor of MacKinnon would be unjust.

The judgment is reversed for further proceedings consistent with this opinion. Costs on appeal are awarded to the City.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

6

Kent Kellegrew, Mark S. Borrell, Judges

Superior Court County of Ventura

_____

The Law Office of Nicolas C. Vrataric, Nicolas C. Vrataric; Benedon & Serlin, LLP, Douglas G. Benedon, Wendy S. Albers for Plaintiff and Appellant.

Pollak, Vida & Fisher, Daniel P. Barer for Defendants and Respondents.